AO 106 (Rev. 04/10) Application for a Search Warrant (Modified: WAWD 10-26-18)

# UNITED STATES DISTRICT COURT
### for the
### Western District of Washington

| | |
|---|---|
| FILED _____ LODGED | |
| _____ RECEIVED | |
| **May 21, 2020** | |
| CLERK U.S. DISTRICT COURT | |
| WESTERN DISTRICT OF WASHINGTON AT TACOMA | |
| BY _____ DEPUTY | |

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*
Target Device 1: Hummingbird GPS, Model 787c, Serial number 60102-0067; and Target Devices 2 and 3: Two Apple iPhones seized

)
)
)
)
)
)

Case No. MJ20-5123

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:
The Target Devices as further described in Attachment A, which is attached hereto and incorporated herein by this reference.

located in the _____ Western _____ District of _____ Washington _____ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B, incorporated herein by reference.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| Title 21, U.S.C. § 952 | Importation of Controlled Substance |
| Title 21, U.S.C. § 963 | Conspiracy to Import Controlled Substances |

The application is based on these facts:

✓ See attached Affidavit continued on the attached sheet

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

Pursuant to Fed. R. Crim. P. 4.1, this warrant is presented: ☑ by reliable electronic means; or: ☐ telephonically recorded.

_____
*Applicant's signature*

Special Agent Jeffrey S. Starrett, HSI
*Printed name and title*

○ The foregoing affidavit was sworn to before me and signed in my presence, or
◉ The above-named agent provided a sworn statement attesting to the truth of the foregoing affidavit by telephone.

Date: _____05/21/2020_____

_____
*Judge's signature*

City and state: Tacoma, Washington

David W. Christel, United States Magistrate Judge
*Printed name and title*

1

## **ATTACHMENT A**

2

3      1.      Target Device 1: Hummingbird GPS, Model 787c, Serial number 60102-

4  0067; and

       2.      Target Devices 2 and 3:  Two **Apple iPhone**s seized from CHAO MING LI

5  on May 11, 2020, near Sequim, WA.

6

       Target Devices 1-3 are currently in the custody of the Homeland Security

7  Investigation located at 138 West 1st St. Room 216, Port Angeles, Washington 98362.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AFFIDAVIT OF SPECIAL AGENT STARRETT - 12
USAO #2020R00472

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## ATTACHMENT B

### (Items to be Searched for and Seized)

This warrant authorizes the search for the following items in **Target Devices 1** through **3**, as further described in Attachment A:

Evidence, fruits, and/or instrumentalities of the commission of the crimes of *Importation of Controlled Substances*, in violation of 21 U.S.C. § 952, and *Conspiracy to Import Controlled Substances*, in violation of 21 U.S.C. § 963 since May 11, 2020:

      a.    Assigned number and identifying telephone serial number (ESN, MIN, IMSI, or IMEI);

      b.    Stored list of recent received, sent, or missed calls;

      c.    Stored contact information;

      d.    Stored photographs and videos of narcotics, currency, financial records (such as deposit slips and other bank records), RVs and other vehicles, firearms or other weapons, evidence of the aforementioned crimes of investigation, and/or that may show the user of the phone and/or coconspirators, including any embedded GPS data associated with these photographs;

      e.    Stored text messages that are evidence of the above-listed federal crimes or that may identify the user of the **Target Device** and/or coconspirators, including messages sent via messaging apps, including Wickr, Signal, WhatsApp, and Telegram, or other similar messaging services where the data is stored on the telephone;

      f.    GPS or other physical location data identifying the movement and/or location of the device as recorded by or on that device.

AFFIDAVIT OF SPECIAL AGENT STARRETT - 13
USAO #2020R00472

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1

**AFFIDAVIT OF SA STARRETT**

2  STATE OF WASHINGTON      )

3                          ) ss

    COUNTY OF CLALLAM        )

4

5      I, Jeffrey S. Starrett, being first duly sworn on oath, depose and say:

6              **I.      INTRODUCTION AND AGENT BACKGROUND**

7      1.      I am a Special Agent in the United States Department of Homeland

8  Security, assigned to the Homeland Security Investigations (HSI) division for the office

9  of the Resident Agent in Charge in Port Angeles, Washington. I have been a Special

10  Agent of HSI, and its predecessor, Immigration and Customs Enforcement for the past

11  sixteen years. Prior to becoming a Special Agent, I had been a United States Customs

12  Inspector for five years and a United States Immigration Inspector for two years.

13      2.      In my position as a Special Agent, I am responsible for investigating,

14  among other laws, violations of the Comprehensive Drug Abuse Prevention and Control

15  Act of 1970, under Title 21 and forfeitures pursuant to such violations under the Title 21,

16  United States Code, Section 881, which encompasses "[a]ll conveyances, including

17  aircraft, vehicles, or vessels, which are used, or are intended for use, to transport, or in any

18  manner to facilitate the transportation, sale, receipt, possession, or concealment of

19  property." See 21 U.S.C.

20      3.      This affidavit is based upon my familiarity with, and investigation of, this

21  matter, as well as information that I have learned from other members of law enforcement

22  also involved in this investigation.

23              **II.      PURPOSE OF THIS AFFIDAVIT**

24      4.      I make this affidavit in support of an application for a warrant authorizing

25  the search and examination of **Target Devices 1** through **3**, which are further described

26  below and in Attachment A (attached hereto and incorporated by reference as if fully set

27  forth herein), for evidence, fruits and instrumentalities, as further described in

28

AFFIDAVIT OF SPECIAL AGENT STARRETT - 1
USAO #2020R00472

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1 | Attachment B (attached hereto and incorporated by reference as if fully set forth herein),
2 | of the crimes of *Importation of Controlled Substances*, in violation of 21 U.S.C. § 952,
3 | and *Conspiracy to Import Controlled Substances*, in violation of 21 U.S.C. § 963 (the
4 | "Subject Offenses"), as described herein:

5 |                 a. **Target Device 1** is Global Positioning System (GPS) seized on May 11,
6 |                     2020, which was affixed to the boat operated by CHAO MING LI. This
7 |                     GPS is a Hummingbird brand, model 787C and serial number 60102-
8 |                     0067; and
9 |
10 |                 b. **Target Devices 2 and 3** are two Apple iPhone seized from CHAO
11 |                     MING LI on May 11, 2020;
12 |      5.     Target Devices 1-3 are currently in the custody of the office of HSI Port
13 | Angeles, which is located at 138 West 1st. Street Room 216, Port Angeles, Washington.
14 |      6.     Based upon my training and experience and discussions with other
15 | investigators, I know that **Target Devices 1** through **3** have been stored in a manner in
16 | which their contents are, to the extent material to this investigation, in substantially the
17 | same state as they were when these **Target Devices** first came into the possession of HSI.
18 |             **III.    SUMMARY OF INVESTIGATION**
19 |      7.     On May 11, 2020, Customs and Border Patrol (CBP) detected a vessel
20 | entering the United States after leaving Canadian waters.
21 |      8.     The operator of the vessel did not follow proper procedures for
22 | identification and inspection on entry into the United States and instead traveled to and
23 | docked at the John Wayne Marina near Sequim, Washington.
24 |      9.     CBP and HSI responded to the marina and found the boat to have a single
25 | occupant/operator, CHAO MING LI. CBP searched the boat under its border search
26 | authority and found approximately 496 pounds of suspected marijuana in vacuum sealed
27 | packs. A sample of the suspected contraband field tested positive for marijuana.
28 |

AFFIDAVIT OF SPECIAL AGENT STARRETT - 2
USAO #2020R00472

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

10.    Assisted by a telephonic Mandarin interpreter, HSI agents interviewed and provided Miranda warnings to LI, a Canadian national. According to LI, he was born in Vietnam in 1974.  He moved to China in 1978 and came to Canada as a refugee in 1993.

11.    In response to questions about the circumstances of his travel to the United States and the presence of marijuana in the boat, Li explained, among other things:

- Several days ago, he became concerned about the safety of his adult daughter who lives in Los Angeles after he had been unable to reach her.
- Through the internet, he found a website for an organization that purported to be able to smuggle people into the United States.
- Li had planned through this website to travel from Burbank, BC, to Victoria, BC, by ferry.
- When he arrived on May 10, 2020, he met an unidentified male who drove him to an unknown location outside Victoria. He was blindfolded for a portion of this drive and left at a house overnight.
- That same unidentified male returned the following day, May 11, 2020, and took LI to a nearby location where the boat he entered the United States was moored.
- LI surrendered his passport and $3000 and was instructed to drive the boat from Canada to the United States.  He was provided a map and instructed that he would be met by a contact at John Wayne marina.
- He was told that upon arrival at the meet location, his passport would be returned, and he would be refunded $1000 in case.
- Despite instructions not to, LI admitted he looked in the cabin and saw luggage but maintained he did not look inside the luggage and declined to express any opinion on what might have been inside.

12.    LI was adamant that his sole intention was to travel to Los Angeles and find his daughter, though he acknowledged he had no real plan for how to get to Los Angeles once he entered the United States.

13.    When CBP arrived at the marina to intercept LI and the boat, there was a male in a Black Chevy truck with an empty boat trailer waiting at the marina.  Soon after uniformed officers arrived, however, the driver left.  A detective with the regional narcotics trafficking task force located this truck and driver later in the day and conducted a traffic stop.  At the time of the stop, the truck was no longer pulling the boat trailer.  The driver of the truck declined to speak with the detective.

AFFIDAVIT OF SPECIAL AGENT STARRETT - 3
USAO #2020R00472

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1       14.     LI was arrested and placed in administrative custody pending removal
2   proceedings.

3       15.     During their search of LI and his belongings, law enforcement found two
4   Apple iPhones in his pockets (Target Devices 2 and 3). No passport was discovered, but a
5   wallet containing $19.34 and a Canadian dime were discovered within a small backpack
6   inside of the boat among the duffle and trash bags containing marijuana.

7       16.     During the search of the boat LI was operating, a U.S. registered Bay Liner
8   Trophy bearing Washington registration number WN 7901 NS, law enforcement
9   recovered one Hummingbird GPS (Target Device 1), a Cobra Citizens Band Radio, and
10  the 496 pounds of marijuana in vacuum sealed packages within a collection of garbage
11  and duffle bags.

12      17.     As noted above, law enforcement recovered two iPhones (Target Devices 2
13  and 3) and a GPS device (Target Device 1) from the vessel and LI. The iPhones were
14  secured by law enforcement, and as they were being secured it was noted that the phones
15  had been set up utilizing a language other than English. I know from my training and
16  experience that cellular and smart phones are common tool used by drug traffickers to
17  facilitate and coordinate drug smuggling operations.  In his statement to HSI, LI said he
18  was given a map by his contact to aid him in navigating the boat to the meet location.  No
19  physical map was recovered from LI or the boat, but it is possible the map is referring to
20  one that was stored on either the GPS device from the boat or one of the two iPhones.

21      **IV.    KNOWLEDGE BASED ON TRAINING AND EXPERIENCE**
22      **CONCERNING DRUG THOSE INVOLVED DRUG TRAFFICKING AND**
23      **MONEY LAUNDERING**

24      18.     Based on my training and experience, and my discussions with other
25  experienced officers and agents involved in drug and money laundering investigations, I
26  know the following:

27

28
    AFFIDAVIT OF SPECIAL AGENT STARRETT - 4                    UNITED STATES ATTORNEY
    USAO #2020R00472                                           700 STEWART STREET, SUITE 5220
                                                               SEATTLE, WASHINGTON 98101
                                                               (206) 553-7970

1        a.     Money launderers often have banking records to include but not
2 limited to, deposit or withdrawal slips, bank statements, checks, or money orders.  Some
3 of these banking records may not be in their own name. Money launderers often have
4 several accounts documented in some form, or instructions detailing how to handle each
5 respective account.  For example, they may have a list of accounts belonging to several
6 different people with instructions for how much to deposit or withdraw from each and
7 often maintain this information for long periods of time in their residences or safe deposit
8 boxes.

9        b.     Money launderers often have records or evidence related to how the
10 proceeds were spent or concealed and often maintain this information for long periods of
11 time in their residences or safe deposit boxes.  Evidence may include jewelry and/or
12 vehicles, as well as the contents of storage lockers, safe deposit boxes or bank accounts.
13 The use of bank accounts is a common money movement technique used by drug
14 traffickers to receive payment for narcotics from customers outside of their geographic
15 region.  It is common for a trafficker to use several bank accounts for this purpose
16 simultaneously in an attempt to avoid detection by the financial institutions and/or law
17 enforcement.

18        c.     The use of multiple accounts, and the commingling of illicit funds
19 with legitimate funds in particular, is often part of the plan to conceal the illegal activity
20 or may be part of the overall integration mechanism by which the illicit funds are made to
21 appear as part of the legitimate income so that only a small portion of or even none of the
22 funds from an account are seized.

23        d.     It is a common technique for money launderers to use casinos to
24 launder their illicit proceeds.  Money launderers retain the paperwork provided by
25 casinos with respect to cash-out/winnings, in order to disguise their illicit proceeds as
26 gambling winnings.

27

28

AFFIDAVIT OF SPECIAL AGENT STARRETT - 5
USAO #2020R00472

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1         e.     Traffickers of controlled substances and money launderers, and

2    those who assist them,  maintain and tend to retain accounts or records of their drug

3    trafficking and money laundering activities, including lists of drug quantities and money

4    owed, telephone records including contact names and numbers, photographs, and similar

5    records of evidentiary value.  These items are generally kept in locations where drug

6    traffickers believe their property is secure and will remain undetected from law

7    enforcement, such as inside their homes, vehicles and storage lockers.

8         f.     Traffickers of controlled substances commonly maintain addresses,

9    vehicles, or telephone numbers which reflect names, addresses, vehicles, and/or

10   telephone numbers of their suppliers, customers and associates in the trafficking

11   organization and it is common to find drug traffickers keeping records of said associates

12   in cellular telephones and other electronic devices.  Traffickers almost always maintain

13   cellular telephones for ready access to their clientele and to maintain their ongoing

14   narcotics business.

15        g.     Traffickers and money launderers maintain evidence of their

16   criminal activity at locations that are convenient to them, including their residences

17   vehicles, and storage lockers.  This evidence often includes more than contraband and

18   paraphernalia and includes financial records, records of property and vehicle ownership,

19   records of property rented, records of post office boxes used to ship and receive

20   contraband and currency, records of other storage facilities used to hide drugs or

21   currency, and other documentary evidence relating to commission of, and proceeds from,

22   their crimes.

23        h.     During the execution of search warrants, it is common to find

24   papers, letters, billings, documents, and other writings which show ownership, dominion,

25   and control of vehicles, residences, and/or storage units.

26        i.     Persons trafficking and using controlled substances commonly sell

27   or use more than one type of controlled substance at any one time.

28

AFFIDAVIT OF SPECIAL AGENT STARRETT - 6
USAO #2020R00472

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1          j.      Traffickers frequently maintain items necessary for weighing,

2    packaging, and cutting drugs for distribution.  This paraphernalia often includes, but is

3    not limited to, scales, plastic bags, pill presses and cutting/diluting agents and items to

4    mask the odor of drugs

5          k.      Traffickers and money launders often maintain weapons, including

6    guns and ammunition, in secure locations such as their residences and storage lockers, in

7    order to protect their drugs and drug proceeds.

8          l.      Traffickers often have false identification documents and

9    identification documents in the names of others in order to conceal their identities.

10          m.      Traffickers very often place assets in names other than their own, or

11    use fictitious names and identification, to avoid detection and seizure of these assets by

12    law enforcement.  Even though these assets are in other persons' names, the traffickers

13    actually own and continue to use these assets and exercise dominion and control over

14    them.

15          n.      Drug trafficking is a cash business, and in order to escape notice

16    from authorities for using unexplained income, or hide excessive cash from illegal

17    activities, traffickers either keep large quantities of cash at home or other secure locations

18    such as a vehicles and storage locker, or convert the cash into other valuable assets, such

19    as jewelry, precious metals, monetary instruments, or other negotiable forms of wealth.

20    Records of such conversions are often stored where a trafficker lives.

21          o.      Illegal drug trafficking is a continuing activity over months and even

22    years.  Illegal drug traffickers will repeatedly obtain and distribute controlled substances

23    on a somewhat regular basis, much as any distributor of a legitimate commodity would

24    purchase stock for sale, and, similarly, drug traffickers will have an "inventory," which

25    fluctuates in size depending upon various factors, including the demand and supply for

26    the product.  I would expect the trafficker to keep records of his illegal activities for a

27    period of time extending beyond the time during which he actually possesses illegal

28

AFFIDAVIT OF SPECIAL AGENT STARRETT - 7
USAO #2020R00472

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1   controlled substances, in order that he can maintain contact with his criminal associates
2   for future drug transactions, and so that he can have records of prior transactions for
3   which, for example, he might still be owed money, or might owe someone else money.
4   These records are often created in code.

5        19.    Drug dealers and money launderers use cellular telephones as a tool or
6   instrumentality in committing their criminal activity. They use them to maintain contact
7   with their suppliers, distributors, and customers. They prefer cellular telephones because,
8   first, they can be purchased without the location and personal information that land lines
9   require. Second, they can be easily carried to permit the user maximum flexibility in
10  meeting associates, avoiding police surveillance, and traveling to obtain or distribute
11  drugs. Third, they can be passed between members of a drug conspiracy to allow
12  substitution when one member leaves the area temporarily. I also know that it is common
13  for drug traffickers to retain in their possession phones that they previously used, but
14  have discontinued actively using, for their drug trafficking business. Based on my
15  training and experience, the data maintained in a cellular telephone used by a drug dealer
16  is evidence of a crime or crimes. This includes the following:

17       a.    The assigned number to the cellular telephone (known as the mobile
18  directory number or MDN), and the identifying telephone serial number (Electronic
19  Serial Number, or ESN), (Mobile Identification Number, or MIN), (International Mobile
20  Subscriber Identity, or IMSI), or (International Mobile Equipment Identity, or IMEI) are
21  important evidence because they reveal the service provider, allow us to obtain subscriber
22  information, and uniquely identify the telephone. This information can be used to obtain
23  toll records, to identify contacts by this telephone with other cellular telephones used by
24  co-conspirators, to identify other telephones used by the same subscriber or purchased as
25  part of a package, and to confirm if the telephone was contacted by a cooperating source
26  or was intercepted on a wiretap here or in another district.

27
28

AFFIDAVIT OF SPECIAL AGENT STARRETT - 8
USAO #2020R00472

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1         b.    The stored list of recent received calls and sent calls is important

2    evidence. It identifies telephones recently in contact with the telephone user. This is

3    valuable information in a drug investigation because it will identify telephones used by

4    other members of the organization, such as suppliers, distributors, and customers, and it

5    confirms the date and time of contacts. If the user is under surveillance, it identifies what

6    number he called during or around the time of a drug transaction or surveilled meeting.

7    Even if a contact involves a telephone user not part of the conspiracy, the information is

8    helpful (and thus is evidence) because it leads to friends and associates of the user who

9    can identify the user, help locate the user, and provide information about the user.

10   Identifying a defendant's law-abiding friends is often just as useful as identifying his

11   drug-trafficking associates.

12        c.    Stored text messages are important evidence, similar to stored

13   numbers. Agents can identify both drug associates, and friends of the user who likely

14   have helpful information about the user, his location, and his activities.

15        d.    Photographs and videos on a cellular telephone are evidence because

16   they help identify the user, either through his or her own picture, or through pictures of

17   friends, family, and associates that can identify the user. Pictures also identify associates

18   likely to be members of the drug trafficking organization. Some drug dealers photograph

19   groups of associates, sometimes posing with weapons and showing identifiable gang

20   signs. Also, digital photos often have embedded "geocode" information within them.

21   Geocode information is typically the longitude and latitude where the photo was taken.

22   Showing where the photo was taken can have evidentiary value. This location

23   information is helpful because, for example, it can show where coconspirators meet,

24   where they travel, and where assets might be located.

25        e.    Stored address records are important evidence because they show the

26   user's close associates and family members, and they contain names and nicknames

27   connected to phone numbers that can be used to identify suspects.

28

AFFIDAVIT OF SPECIAL AGENT STARRETT - 9
USAO #2020R00472

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1          f.     It is common for drug traffickers and money launders to use

2  encrypted means of communication, such as WhatsApp, Signal, Wickr, and Telegram, to

3  attempt to avoid detection by law enforcement. It is common for drug traffickers to

4  install and use these apps on their phones in order to make encrypted calls and send

5  encrypted messages.

6          g.     GPS and other location information stored on cellular telephones

7  may also constitutes relevant evidence for drug traffickers and money launderers as that

8  information can provide information about the physical location of a particular device

9  during a particular timeframe. Such information may help identify who used a particular

10  device, where, and/or when, which may in turn constitute relevant evidence in an

11  investigation into drug trafficking and money laundering offenses.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AFFIDAVIT OF SPECIAL AGENT STARRETT - 10
USAO #2020R00472

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

| | |
|---|---|
| 1 | **V. CONCLUSION** |
| 2 |     **20.**    Based on the information set forth herein, there is probable cause to search |
| 3 | **Target Devices 1** through **3,** as further described in Attachment A, for evidence, fruits |
| 4 | and instrumentalities, as further described in Attachment B, violations of the Subject |
| 5 | Offenses. |
| 6 | |
| 7 | |
| 8 | |
| 9 | JEFFREY S. STARRETT |
| 10 | Special Agent<br>Homeland Security Investigations |
| 11 | |
| 12 |     The above-named agent provided a sworn statement attesting to the truth of the |
| 13 | contents of the foregoing affidavit on the 21st day of May 2020. |
| 14 | |
| 15 | |
| 16 | DAVID W. CHRISTEL |
| 17 | United States Magistrate Judge |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

AFFIDAVIT OF SPECIAL AGENT STARRETT - 11
USAO #2020R00472

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1

## **ATTACHMENT A**

2

3      1.      Target Device 1: Hummingbird GPS, Model 787c, Serial number 60102-
4  0067; and
       2.      Target Devices 2 and 3:  Two **Apple iPhone**s seized from CHAO MING LI
5  on May 11, 2020, near Sequim, WA.

6
       Target Devices 1-3 are currently in the custody of the Homeland Security
7  Investigation located at 138 West 1ˢᵗ St. Room 216, Port Angeles, Washington 98362.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Affidavit of Special Agent Starrett - 12
USAO #2020R00472

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101
(206) 553-7970

## ATTACHMENT B

### (Items to be Searched for and Seized)

This warrant authorizes the search for the following items in **Target Devices 1** through **3**, as further described in Attachment A:

Evidence, fruits, and/or instrumentalities of the commission of the crimes of *Importation of Controlled Substances*, in violation of 21 U.S.C. § 952, and *Conspiracy to Import Controlled Substances*, in violation of 21 U.S.C. § 963 since May 11, 2020:

       a.      Assigned number and identifying telephone serial number (ESN, MIN, IMSI, or IMEI);

       b.      Stored list of recent received, sent, or missed calls;

       c.      Stored contact information;

       d.      Stored photographs and videos of narcotics, currency, financial records (such as deposit slips and other bank records), RVs and other vehicles, firearms or other weapons, evidence of the aforementioned crimes of investigation, and/or that may show the user of the phone and/or coconspirators, including any embedded GPS data associated with these photographs;

       e.      Stored text messages that are evidence of the above-listed federal crimes or that may identify the user of the **Target Device** and/or coconspirators, including messages sent via messaging apps, including Wickr, Signal, WhatsApp, and Telegram, or other similar messaging services where the data is stored on the telephone;

       f.      GPS or other physical location data identifying the movement and/or location of the device as recorded by or on that device.

AFFIDAVIT OF SPECIAL AGENT STARRETT - 13
USAO #2020R00472

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970